IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC § <br> REGISTRATION SYSTEMS, INC., § <br> § <br> Plaintiff, § <br> § Civil Action No. 2:22-cv-00075 <br> v. § <br> § <br> MAURICE K. EGGLESTON, JR. and § <br> MARGARET H. EGGLESTON, § <br> § <br> Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Mortgage Electronic Registration Systems, Inc., and files this *Original Complaint* against Defendants Maurice K. Eggleston, Jr. and Margaret H. Eggleston. Plaintiff shows as follows:

### I.  PARTIES

1.  Mortgage Electronic Registration Systems, Inc. ("Plaintiff") is a foreign corporation that is appearing through the undersigned counsel.

2.  Maurice K. Eggleston, Jr. is an individual and obligor under a loan agreement and may be served with process at his residence, 7709 Marissa Dr, Corpus Christi, TX 78414, or at such other place as he may be located. Summons is requested.

3.  Margaret H. Eggleston is an individual and obligor under a loan agreement and may be served with process at her residence, 7709 Marissa Dr, Corpus Christi, TX 75414, or at such other place as she may be located. Summons is requested.

## II. PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 7709 Marissa Dr, Corpus Christi, TX 78414 (the "7709 Marissa Property"), more particularly described as:

> LOT NINE (9), BLOCK FORTY-FOUR (44) OF KING'S CROSSING UNIT 5, A SUBDIVISION IN THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 58, PAGE 152, OF THE MAP RECORDS OF NUECES COUNTY, TEXAS.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

8. Plaintiff is a Delaware Corporation with its principal place of business in Georgia. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business, making Plaintiff a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c).

9. Defendants Maurice K. Eggleston, Jr. and Margaret H. Eggleston are each individuals and citizens of the state of Texas.

10. The amount in controversy exceeds $75.000.00. Plaintiff seeks to rescind a release of a deed of trust lien that was recorded on real property in Nueces County, Texas. When seeking to challenge the enforceability of a deed of trust, the value of the subject property determines the amount in controversy. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996); *Hanna v. RFC Deutsche Bank Nat. Trust Co.*, No. 3:11-CV-00346-L, 2011 U.S. Dist. LEXIS 80019, 2011 WL 2981855, *3 (N.D. Tex. 2011). The Nueces County Appraisal District

values the subject property at $416,037.

11. Venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. In particular, this suit concerns the erroneous release of a deed of trust lien on real property located in Nueces County, Texas, which is within this Division and District.

### IV.  FACTS

16. The foregoing paragraphs are incorporated by reference for all purposes.

17. On or about December 22, 2020, for value received, Defendants Maurice K. Eggleston, Jr. and Margaret H. Eggleston (collectively "Defendants") executed a Note (the "Note") in the original principal sum of $143,500.00, originally payable to Network Capital Funding, L.P.

18. The Note is secured by a Deed of Trust of even date therewith, signed by Defendants and filed for record in the Official Public Records of Nueces County, Texas under Instrument Number 2021000591 on January 5, 2021, creating a valid lien on the 7709 Marissa Property. A copy of the Deed of Trust is attached as Exhibit A. The Note and Deed of Trust are hereinafter collectively referred to as the "Loan Agreement."

19. The Deed of Trust established Plaintiff as its beneficiary, as a nominee for, Network Capital Funding, L.P., its successors and assigns.  The Deed of Trust secures the indebtedness on the Note with a lien on the 7709 Marissa Property.  Plaintiff is informed that Dovenmuehle Mortgage Inc. ("DMI") is the current subservicer for the Loan Agreement.

20. Defendants previously were the mortgagors on an unrelated mortgage loan ("the Second Loan"), which Plaintiff is informed was also serviced by DMI, and which was secured a

deed of trust recorded on the following real property commonly known as 7705 Marissa Dr, Corpus Christi Texas 78414 and more specifically described as:

> LOT EIGHT (8) BLOCK FORTY-FOUR (44), KING'S CROSSING UNIT 5, A SUBDIVISION IN THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 58, PAGE 152, MAP RECORDS OF NUECES COUNTY, TEXAS.

21. Plaintiff is informed of the following: In or around March 2022, Defendants paid off all amounts owed on the Second Loan. Upon receipt of these funds, DMI mistakenly caused Plaintiff to execute a record in the Nueces County Real Property Records a Release of the Deed of Trust for the Loan Agreement. A true and correct copy of this Release is attached hereto as Exhibit B. This Release was recorded in the Official Public Records of Nueces County, Texas under Instrument Number 2022012492 on March 15, 2022.

22. Plaintiff is further informed of the following: Defendants, however, have not paid off the amounts owed on the Loan Agreement and the Release should not have been recorded. Further, no other consideration was provided for the Release to be recorded.

## V.  CAUSE OF ACTION - RESCISSION

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Defendants have not paid all amounts owed on the Loan Agreement. The recording of the Release was done by mistake and without negotiation or consideration.

25. By this action, Plaintiff seeks the cancellation and rescission of the Release to avoid an unjust enrichment to Defendants.

26. Plaintiff seeks the equitable remedy of rescission because there is no adequate remedy at law. The Loan Agreement was fully funded and Defendants have been making payments on it. Defendants have recognized that the recording of the Release was a mistake.

27. Defendants will not be prejudiced by a cancellation or rescission of the Release as they willingly executed the Loan Agreement intended to receive the benefit of the Loan and for the Loan to be secured with a deed of trust on the 7709 Marissa Property.

28. The recording of the Release was done by a simple mistake. DMI had received the payoff funds for the Second Loan and mistakenly instructed MERS to record a release of the Deed of Trust for the 7709 Marissa Property rather than the 7705 Marissa property that secured the Second Loan.

29. All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests relief as follows:

A. Defendants be summoned to appear and answer;

B. the Court declare the Release to be cancelled or rescinded such that the Deed of Trust remains a continuing lien to secure the Loan Agreement;

C. award Plaintiff its costs of suit; and

D. for all other just and proper relief to which Plaintiff may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**